E-FILED
Tuesday, 14 October, 2025  10:39:07 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| RYAN J. FRAZIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-2200 |
| | ) | |
| JONATHAN EK, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se and presently incarcerated at Dodge Correctional Institution in Waupun, Wisconsin, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that he has been diagnosed with gender dysphoria. He alleges that Defendant Conway, a physician that heads IDOC's Transgender Health and Wellness (THAW) committee ordered Defendant Ek to perform a pre-operative physical when Plaintiff was incarcerated at Danville Correctional Center. Plaintiff alleges that, during the examination,

Defendant Ek "move[d] the foreskin back and forth over the head of [Plaintiff's] penis" for several minutes after the penile exam had apparently been completed, "start[ed] moving his finger inside [Plaintiff's] anus" in an in-and-out motion for several minutes after declaring that he could not find Plaintiff's prostate, fondled Plaintiff's breasts, and pinched Plaintiff's nipples. Plaintiff alleges that Defendant Ek had "a full-on erection" during the examination. Plaintiff alleges that Defendant Adkins failed to implement a policy that required a female official to be in the room during the examination.

Plaintiff states an Eighth Amendment excessive force claim against Defendant Ek in his individual capacity. *Wahls v. Nehls*, 135 F.4th 1070, 1073 (7th Cir. 2025) ("[U]nwanted sexual contact between a prison official and prisoner is objectively harmful under the Eighth Amendment."); *Graham v. Sheriff of Logan Cty*, 741 F.3d 1118, 1123 (7th Cir. 2013) ("Sexual abuse of a prisoner by a guard is generally analyzed as an excessive-force claim.").

Plaintiff's complaint does not contain sufficient information to permit a plausible inference that Defendants Adkins or Conway knew that Plaintiff faced a substantial risk of harm if Defendant Ek conducted this examination or that Plaintiff would suffer this harm absent a policy requiring other officials to be in the room. *Walton*, 135 F.4th at 1073 (prisoner must show that prison official acted with deliberate indifference); *J.K.J. v. Polk Cty.*, 960 F.3d 367, 379 (7th Cir. 2020) ("[A] failure to act amounts to municipal action for *Monell* purposes only if the [governmental unit] has notice that its program will cause constitutional violations."). Plaintiff cannot proceed against these individuals just because they may have been in charge. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). The Court finds that Plaintiff fails to state a claim against Defendants Adkins and Conway.

**Plaintiff's Motion to Request Counsel (Doc. 3)**

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff satisfied the first prong. Plaintiff indicates that he has completed some high school. Plaintiff has personal knowledge of the facts, he has been able to adequately communicate them to the Court, and he should be able to obtain relevant documents via the discovery process. This case does not appear overly complex at this time, nor does it appear that it will require expert testimony. The Court finds that Plaintiff is capable of representing himself at this time. Plaintiff's motion is denied with leave to renew.

**IT IS THEREFORE ORDERED:**

**1.        Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment excessive force claim against Defendant Ek in his individual capacity. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

**2.        This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

**3.        The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.**

4.      With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5.      The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

6.      This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7.      Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8.      The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9.      If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10.      The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11.      The clerk is directed to terminate Felicia Adkins and LaMenta S. Conway as defendants.

**12.**    **The clerk is directed to attempt service on Jonathan Ek pursuant to the standard procedures.**

**13.**    **Plaintiff's Motion [3] is DENIED with leave to renew.**

Entered this 14th day of October, 2025.

 

 

*s/Sara Darrow*
_____
SARA DARROW
CHIEF U.S. DISTRICT JUDGE